IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JERRY RAY HALL,** | ) | CASE NO. 7:19CV00875 |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| **OFFICER NIKSTAITIS,** | ) | By:  Glen E. Conrad |
| | ) | Senior United States District Judge |
| **Defendant.** | ) | |

Jerry Ray Hall, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining that the defendant denied him an indigent inmate package of hygiene materials. After review of Hall's submissions, the court concludes that the case must be summarily dismissed as frivolous and malicious.

Hall is an inmate at Augusta Correctional Center ("Augusta"). Information in the record indicates that Augusta inmates are expected to purchase their own personal hygiene items from the commissary. An indigent inmate (who has less than $5.00 in his spending account and had no source of income during the previous month) can request such items for free, using the request for indigent services form.

Hall filed a request for indigent services on October 16, 2019,[1] and the next day, an official verified that Hall qualified financially to receive such services. On October 24, 2019, Hall filed an informal complaint, accusing property officers of refusing to provide him with the "indigent package" he had requested. Compl. Attach. 3, ECF No. 1-1. The responding officer stated, "You were never denied an Indigent pack by property." Id. In early November 2019, Hall filed a regular grievance that stated, "We never gotten the Indigent Package for last month

---

[1] On this request form, Compl. Attach. 4, ECF No. 1-1, Hall asked to receive these items: toothbrush, denture adhesive, comb, correspondence package, postage, toothpaste, shampoo, disposable razor, legal package, denture cleaner, deodorant, and bar soap.

on [the] 20th or before. . . . We don't have any hy[g]iene cause officers refused to do the[ir] job correctly. . . . So this won['t] happen again I [am] taking every officer[] that [is] working in property to court. This way they won['t] make the same error twice if it happen[s] again in the future I'll suit them." Id. at 2. The Level I response to this regular grievance, dated December 3, 2019, states that according to property officer Nikstaitis, when he distributed indigent packs on October 18, 2019, the property office had not yet received Hall's paperwork, and Hall failed to contact property thereafter about the pack. The response also indicates that Hall was added to the list to receive an indigent pack on November 20, 2019.

Hall signed and dated his § 1983 complaint on December 9, 2019, naming Officer Nikstaitis as the defendant for denying him an indigent package. As relief, "so it won't happen again[ ]," Hall demands damages of $175,000.

Since filing his complaint, Hall has submitted additional documents that the court construes as motions to amend, ECF Nos. 4, 6, and 8. These motions, which the court will grant, complain that after prison officials forgot to order deodorant for the indigent packs, Hall was denied a new deodorant stick for the months of January and February 2020. He states, "[W]hen items [are] missing it will be added to case pending in the court." Mot. Am. 1, ECF No. 8.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). "[T]he plain meaning of the term 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of

2

serious consideration, or trivial," such that "a reasonable paying litigant would not have filed the same claim after considering the costs of suit." Deutsch v. United States, 67 F.3d 1080, 1086, 1089 (3d Cir. 1995) (affirming dismissal as frivolous of inmate's claim to recover $4.20 for ink pens prison officials allegedly took from him).

> [C]omplaints which merely repeat previously litigated claims may be dismissed as malicious. However, maliciousness is not confined to such a narrow class of complaints. A litigant may be deemed to act maliciously if his actions import a wish to vex, annoy, or injure another, or an intent to do a wrongful act, and may consist in direct intention to injure, or in reckless disregard of another's rights.

Cain v. Virginia, 982 F. Supp. 1132, 1136 (E.D. Va. 1997); see also Spencer v. Rhodes, 656 F. Supp. 458, 463-64 (E.D. N.C. 1987) (summarily dismissing as malicious complaint filed by indigent inmate for purpose of harassing defendants, seeking millions); Deutsch, 67 F.3d at 1086 (finding that dismissal of claim as malicious under prior version of § 1915 requires subjective inquiry into litigant's motivations at time of filing to determine if action is intended to vex, injure, or harass defendants).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Many aspects of prison life, however, "are restrictive and even harsh" without rising to the level of a constitutional violation. They are simply "part of the penalty that criminal offenders pay for their offenses against society." Id. "In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements — that the deprivation of a basic human need was objectively sufficiently serious, and that subjectively the officials acted with a sufficiently culpable state of mind." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995).

> [T]o demonstrate that a deprivation is extreme enough to satisfy the objective component of an Eighth Amendment claim, a prisoner must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions, . . . or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions.

Id.

To prove deliberate indifference, the plaintiff must show by a preponderance of the evidence that the defendant knew of and disregarded an excessive risk to inmate safety or health. Farmer v. Brennan, 511 U.S. 825, 837 (1994). It is not sufficient to show that an official should have known of a risk; he must have had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction. Id.

Hall has not satisfied either facet of an Eighth Amendment claim here. He states no facts suggesting that the hygiene items he requested (toothpaste, deodorant, and other products) constitute a basic human need or that the lack of such items for a month or two caused, or is likely to cause, him any serious physical harm. At the most, Hall alleges that although he qualified financially to receive the desired hygiene products, the defendant failed to provide them to him within the timetable Hall believed appropriate under VDOC policy. Even if Hall could show that the defendant's actions violated policy, however, a mere failure to comply with state regulations does not rise to the level of a constitutional violation. Riccio v. Cty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990).

Furthermore, Hall has not stated facts showing that the defendant knew that failing to provide Hall with an indigency pack for a month placed him at an excessive risk of serious physical or mental harm. At the most, Hall's submissions suggest that the property officer inadvertently failed to ensure that Hall received an indigency pack after advising him that he qualified for one. Such actions are, at most, suggestive of negligence, which does not rise to the

4

level of deliberate indifference required for a constitutional claim.  <u>Farmer</u>, 511 U.S. at 841-42. For the stated reasons, the court concludes that Hall has not presented sufficient factual matter in his submissions to state an Eighth Amendment claim.

Moreover, the court concludes that Hall's lawsuit itself is both frivolous and malicious on its face.  It is clearly intended to punish the defendant for actions over which Hall was frustrated, and not to present any deprivation of constitutionally protected rights.  A reasonable <u>paying</u> litigant would not agree to pay the $350.00 filing fee for a civil lawsuit demanding thousands of dollars in damages, as Hall has done, merely to complain that he did not receive toothpaste and deodorant for a month or two, based on a prison official's inadvertent oversight.  As such, this lawsuit represents precisely the type of abusive prisoner litigation that courts may summarily dismiss as frivolous and/or malicious under § 1915A(b)(1).  Accordingly, the court will dismiss this action with prejudice under that section.  An appropriate order will enter herewith.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

**ENTER**:  This  <u>15th</u>  day of April, 2020.

                                     Senior United States District Judge